UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No 5:11-cv-00110-TBR

AMANDA BOSSET,
On Behalf of the Minor Child,
"L. T."                                                                                                    PLAINTIFF,

## ANSWER OF CHRISTIAN COUNTY BOARD OF EDUCATION
VS.


DAVID SPEARS AND CHRISTIAN
COUNTY BOARD OF EDUCATION,                                                    DEFENDANTS.


Defendant, Christian County Board of Education, by counsel, for its answer to the complaint filed herein, states as follows:

### FIRST DEFENSE

1. The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

2. This Defendant admits the allegations made in numerical paragraphs 1 and 3 of the complaint.

3. This Defendant admits that Defendant, David Spears, is a bus driver employed by this Defendant. Otherwise, this Defendant is without knowledge

or information sufficient to form a belief as to the truth of the allegations made in numerical paragraph 2 of the complaint.

4.   This Defendant admits the allegations made in the first two literary sentences of numerical paragraph 4 of the complaint.

5.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in the remainder of numerical paragraph 4 of the complaint.

6.   This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in numerical paragraphs 5, 6, 7, and 8 of the complaint.

7.   This Defendant makes no response to numerical paragraph 9 of the complaint as it contains no factual allegations.

8.   With respect to numerical paragraph 10 of the complaint, this Defendant owes such duties to its students as are prescribed by applicable law; however, this Defendant does not admit the characterization of such duties by the Plaintiff in the first literary sentence of numerical paragraph 10 of the complaint.

9.   This Defendant denies the allegations made in the remainder of numerical paragraph 10 of the complaint.

10.   This Defendant denies the allegations made in numerical paragraphs 11, 12, 13, and 14 of the complaint.

11. This Defendant denies the allegations made in the first literary sentence of numerical paragraph 15 of the complaint.

12. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations made in numerical paragraph 15 of the complaint.

13. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in numerical paragraph 16 of the complaint.

14. This Defendant makes no response to numerical paragraph 17 of the complaint, as it contains no factual allegations.

15. This Defendant admits that David Spears was a bus driver for the Christian County Board of Education.  Otherwise, this Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made in numerical paragraph 18 of the complaint.

16. This Defendant does not respond to the allegations made in numerical paragraph 19 of the complaint because those allegations do not pertain to this Defendant; however, this Defendant states that its bus drivers have such duties as are imposed upon them by applicable law.

17. This Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegations made in numerical paragraph 20, 21, 22, 23, 24, and 25 of the complaint.

18. This Defendant does not respond to the allegations made in numerical paragraph 26, as there are no factual allegations pertaining to this Defendant.

19. This Defendant denies the allegations made in numerical paragraph 27 of the complaint.

20. This Defendant owes such duties to its students as are prescribed by applicable law; however, this Defendant does not admit the characterization of such duties as set forth in numerical paragraph 28 of the complaint.

21. This Defendant denies the allegations made in numerical paragraph 29 of the complaint.

22. This Defendant does not respond to the allegations made in numerical paragraph 30 as numerical paragraph 30 does not contain any factual allegations applicable to this Defendant.

23. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations made numerical paragraph 31 of the complaint.

24. This Defendant denies any and all allegations made in the complaint not specifically admitted herein.

25.     This Defendant denies that the Plaintiff is entitled to the relief requested in the complaint.

### THIRD DEFENSE

26.     This Defendant pleads sovereign immunity as an affirmative defense to the allegations contained in the complaint.

### FOURTH DEFENSE

27.     This Defendant pleads absolute immunity as an affirmative defense to the allegations made in the complaint.

### FIFTH DEFENSE

28.     This Defendant pleads governmental immunity as an affirmative defense to the allegations made in the complaint.

### SIXTH DEFENSE

29.     This Defendant asserts that the Plaintiff has not been denied any right or privilege guaranteed by the Constitution or laws of the United States, or the Commonwealth of Kentucky.

### SEVENTH DEFENSE

30.     This Defendant pleads official immunity and qualified official immunity as an affirmative defense to the allegation made in the complaint.

### EIGHTH DEFENSE

31. This Defendant pleads qualified immunity as an affirmative defense to the allegations made in the complaint.

### NINTH DEFENSE

32. This Defendant pleads all other forms of immunity as an affirmative defense to the allegations made in the complaint.

### TENTH DEFENSE

33. This Defendant pleads Eleventh Amendment immunity as an affirmative defense.

### ELEVENTH DEFENSE

34. This Defendant pleads failure to exhaust available remedies as a defense to the allegations made in the complaint.

### TWELFTH DEFENSE

35. This Defendant pleads that it reasonably responded to the allegations described in the complaint.

### THIRTEENTH DEFENSE

36. This Defendant pleads failure to mitigate damages as defense to the allegations made in the complaint.

WHEREFORE, Defendant, Christian County Board of Education,

respectfully requests the following relief:

    A.    Dismissal of the complaint with the Plaintiff to recover nothing thereby.

    B.    An award of costs, expenses, and legal fees incurred herein;

    C.    A jury trial on all issues so triable; and

    D.    Any and all other relief to which this Defendant may be entitled.

Dated, this 27th day of June, 2011

> /s/Jack N. Lackey Jr.
> DEATHERAGE, MYERS & LACKEY, PLLC
> 701 South Main Street
> P. O. Box 1065
> Hopkinsville, KY  42241-1065
> Telephone (270) 886-6800
> Facsimile (270) 885-7127
> Counsel for Defendant, Christian
> County Board of Education

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this pleading was electronically transmitted to the following counsel of record, this 27th day of June, 2011:

| | |
|---|---|
| **Kenneth R. Haggard** | **Regina Jackson** |
| 800 South Virginia Street | **ENGLISH LUCAS PRIEST & OWSLEY** |
| P. O. Box 4037 | 1101 College Street |
| Hopkinsville, KY  42241-4037 | P. O. Box 770 |
| *Counsel for Plaintiff* | Bowling Green, KY  42101 |
| | *Counsel for Defendant, David Spears* |

/s/ Jack N. Lackey Jr.