AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

| | |
|---|---|
| AMANDA BOSSET, on behalf of minor child, "L.T." ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| DAVID SPEARS and CHRISTIAN COUNTY BOARD ) | |
| OF EDUCATION ) | (If the action is pending in another district, state where: |
| *Defendant* ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Brady Link, Superintendent
     Board of Education of Christian County, Kentucky

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: Documents requested in the attached First Set of Interrogatories and Request for Production of Documents to the Christian County Board of Education

| Place: English, Lucas, Priest & Owsley, 1101 College St., Bowling Green, KY  42101  [In lieu of appearing, the documents can be mailed to this address.] | Date and Time: 11/03/2011 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    10/24/2011

         *CLERK OF COURT*

                                                        OR    *Regina Jackson*
         _____                    _____
            *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      the defendant,
David Spears                                                              , who issues or requests this subpoena, are:

Regina A. Jackson, English, Lucas, Priest & Owsley, LLP, 1101 College St., P.O. Box 770, Bowling Green, KY
42102-0770; E-mail:  rjackson@elpolaw.com; Telephone:  (270) 781-6500; Facsimile (270) 782-7782

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Brady Link, Superintendent

was received by me on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:   via U.S. Mail to Brady Link

c/o Mr. Jack N. Lackey, Deatherage, Myers & Lackey, PLLC, 701 South Main St., P.O. Box 1065, Hopkinsville,

KY 42241-1065 _____ on *(date)*   10/24/2011 _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____0.00_____ for travel and $ _____0.00_____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____10/24/2011_____

*Regina Jackson (signature)*
*Server's signature*

Regina A. Jackson, Attorney for David Spears
*Printed name and title*

English, Lucas, Priest & Owsley, LLP
1101 College St., P.O. Box 770
Bowling Green, KY  42102-0770
Telephone:  (270) 781-6500; E-mail:  rjackson@elpolaw.com
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:11CV-110-R

AMANDA BOSSET,
On behalf of the Minor Child, "L.T."                                  PLAINTIFF

vs.          **FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF DOCUMENTS TO THE
CHRISTIAN COUNTY BOARD OF EDUCATION**

DAVID SPEARS AND CHRISTIAN
COUNTY BOARD OF EDUCATION                                  DEFENDANTS

The defendant, David Spears ("Spears"), by counsel, hereby propounds the following interrogatories and request for production of documents to the defendant, Christian County Board of Education ("the Board"). Pursuant to Federal Rule of Civil Procedure 33, the Board's verified answers to these interrogatories must be served and the requested documents produced on the undersigned counsel within thirty (30) days of service. Further, the Board is under a continuing duty to supplement its answers if it obtains or receives information which indicates that its original responses were incorrect when made, or, that though correct when made are no longer true. Pursuant to Federal Rule of Civil Procedure 34, the Board must produce for inspection and copying the documents requested within thirty (30) days of service at the offices of English, Lucas, Priest & Owsley, LLP, 1101 College Street, P.O. Box 770, Bowling Green, Kentucky 42102-0770. In lieu of producing said documents, the Board may attach full and complete documents to its responses hereto.

1005001

## PREAMBLE

### A.   INSTRUCTIONS

1.      If any interrogatory calls for the identification of a document or thing, you may either:  (a) provide a copy of the document or thing with your answers to these interrogatories, or (b) describe the document or thing in sufficient detail that it can be obtained from you by a request for production or subpoena.

2.      This request for production of documents encompasses all of the identified documents and things in the possession, custody, or control of you, your past and present attorneys, agents, representatives, investigators, associates, and all persons acting or purporting to act on your behalf, and not merely those documents and things which you currently possess or of which you have personal knowledge.  If you do not comply in full with any request because a document or thing is not in your possession, no longer exists, or for any other reason, so state in writing, specifying the reason for your inability to produce the document or thing.

### B.   DEFINITIONS

1.      The terms "you" and "your" shall mean the Board of Education of Christian County, Kentucky, its past and present employees, agents, investigators, attorneys, successors, assigns, insurers and other representatives.

2.      The term "plaintiff" shall refer to the plaintiff, Amanda Bosset, both individually and on behalf of "L.T.," their agents, employees, attorneys, investigators and other "persons" acting for them. "L.T." refers to the minor on whose behalf the complaint in this action was filed.

3.     The terms "complaint," "case," "cause," "action," "suit," "lawsuit," or "litigation" refer to the legal action commenced by the plaintiff's complaint filed in this action, and any amendments thereto.

4.     "Identify" or "identification," when used in reference to a person, means to state: (a) the person's full name and present or last known address of residence; (b) the person's present or last known business address, affiliation, and position therewith; and (c) the person's telephone number, including area code.  If any of this information is not available, state any other means of identifying and locating such person.

When used with respect to a document, "identify" or "identification" means to state the date, subject and substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each of its present custodians.  The request shall include documents to which a privilege is or may be claimed.  If such document was, but no longer is, in your possession or subject to your control, state whether it is (a) missing or lost; (b) has been destroyed; (c) has been transferred voluntarily to others; or is (d) otherwise disposed of.   In each instance, explain the circumstances surrounding authorization of such disposition.

When used with respect to an occasion, event, meeting or conversation, "identify" or "identification" means to state the date, place, duration, subject matter, and persons present, attending or participating.

5.      The term "documents and things" is used in its broadest sense and refers to any means of retaining information, including any handwritten, printed, or typewritten material and pictorial and graphic matter.

### INTERROGATORIES

1.      Identify (as that term is defined in the preamble) each person whom you believe to have knowledge of any facts relevant to this lawsuit, and describe the relevant facts known by each person.

**ANSWER:**

2.      If you, your attorneys, agents or other representatives are aware of the existence of any written or recorded statements made by or for any party or witness with regard to the claims alleged in the complaint, identify (as that term is defined in the preamble) each person who made a statement, the date of the statement, and the person now in possession of the statement or copy thereof.

**ANSWER:**

3.      Please identify (as that term is defined in the preamble) and fully describe the investigation conducted by the Board or anyone acting on behalf of the Board with respect to the plaintiff's claims of sexual abuse which are the subject of this lawsuit. Specifically identify (as that term is defined in the preamble) the person(s) conducting the investigation, the person(s) interviewed, the date(s) of the interview(s), the contents of each interview, the findings of the Board with regard to the investigation and any action taken as a result.

**ANSWER:**

4.      Please identify (as that term is defined in the preamble) each person and/or

law enforcement agency known or believed by you to have investigated or collected data

concerning the allegations in the complaint.

**ANSWER:**

**REQUEST FOR PRODUCTION OF DOCUMENTS**

1.      All documents and things that are identified in, referred to, relied upon, or

relate in any way to your answers to the above interrogatories.

**RESPONSE:**

2.      Any and all student and education records of "L.T.," including but not

limited to all permanent education records, Infinite Campus records and disciplinary

records.

**RESPONSE:**

3.      Any and all student and education records of G██████M█████, including but

not limited to all permanent education records, Infinite Campus records and disciplinary

records.

**RESPONSE:**

4.      All documents and things concerning or relating to your investigation into

the plaintiff's claims of sexual harassment and/or abuse.

**RESPONSE:**

5.      Any and all written documents, photographs, tape recordings (audio or

video), or other electronic recordings of any kind (as those terms are defined in the

preamble) that were generated in connection with, or in any way related to, the investigation of the incidents alleged in the plaintiff's complaint by any law enforcement agency.

**RESPONSE:**

> ENGLISH, LUCAS, PRIEST & OWSLEY, LLP
> 1101 College Street; P.O. Box 770
> Bowling Green, KY 42102-0770
> Telephone: (270) 781-6500
> Facsimile: (270) 782-7782
> E-mail: rjackson@elpolaw.com

REGINA A. JACKSON

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has this August 24, 2011, been served by U.S. Mail upon the following:

Mr. Kenneth R. Haggard
800 South Virginia Street
P.O. Box 1437
Hopkinsville, KY 42241-1437

Mr. Jack N. Lackey
Deatherage, Myers & Lackey, PLLC
701 South Main Street
P.O. Box 1065
Hopkinsville, KY 42241-1065

Regina A. Jackson